IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MACK TRANSOU,

    Petitioner,

v.                                                Case No. 1:19-cv-01258-JDB-jay

BERT C. BOYD,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY RESPONDENT
AND
DIRECTING RESPONDENT TO FILE A LIMITED RESPONSE
TO THE AMENDED PETITION

On July 15, 2019, Petitioner, Mack Transou, filed, in the United States District Court for the Eastern District of Tennessee, an amended pro se habeas corpus petition (the "Amended Petition") pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 21.)[1] On November 8, 2019, the Honorable Pamela L. Reeves, Chief United States District Judge for that district, dismissed the portion of the Amended Petition relating to the inmate's habitual motor vehicle offender ("HMVO") conviction for lack of subject matter jurisdiction and transferred the remaining claims to this Court. (D.E. 26.) The surviving portions of the Amended Petition are before the undersigned for preliminary review. *See Rules Governing § 2254 Cases in the United States District Courts* ("Habeas Rules"), Rule 4. For the following reasons, Respondent, Bert C. Boyd,[2] is ORDERED to file a limited response to the Amended Petition.

---

[1] Record citations are to the present case unless otherwise noted.

[2] The Clerk is DIRECTED to substitute Bert C. Boyd for Georgia Crowell as Respondent. *See* Fed. R. Civ. P. 25(d).

BACKGROUND

I. <u>2006 Petition.</u>

On November 13, 2006, Petitioner filed a pro se § 2254 petition (the "2006 Petition") in the United States District Court for the Middle District of Tennessee, which was later transferred to this district. (*Transou v. Brandon*, No. 06-cv-1245-JDT-STA, D.E. 4-3 (W.D. Tenn.) (the "2006 Case" or "No. 06-cv-1245-JDT-STA").) The 2006 Petition asserted five claims challenging Transou's Tennessee convictions for rape and aggravated burglary perpetrated against victim S.K. in December 2001 ("Case No. 02-360") and rape and sexual battery committed against victim C.T. in March 2002 ("Case No. 02-359"). (*Id.*, D.E. 37.) On February 29, 2008, the Honorable James D. Todd dismissed the 2006 Petition. (*Id.*, D.E. 37.) Judge Todd found that five of Petitioner's claims were procedurally defaulted and the remaining claim was without merit.

II. <u>The Amended Petition and Proceedings in the Eastern District of Tennessee.</u>

On December 10, 2018, Petitioner filed a pro se habeas corpus petition (the "Petition") in this district using a § 2254 form. (D.E. 1.) By order dated December 31, 2018, the Court construed the Petition as challenging the State of Tennessee's application of pretrial credits for Transou's HMVO conviction and transferred the pleading to the Eastern District as a 28 U.S.C. § 2241 petition.[3] (D.E. 9.)

---

[3]The Petition was the case-initiating pleading in *Transou v. Crowell*, 1:18-cv-01240-JDB-egb (W.D. Tenn.). (*See Transou v. Crowell*, 1:18-cv-01240-JDB-egb (W.D. Tenn.), D.E. 1.) After the undersigned transferred the Petition to the Eastern District, and after Chief Judge Reeves transferred a portion of the later-filed Amended Petition to this district, all documents that had been filed in No. 1:18-cv-01240-JDB-egb and lodged in the case before Chief Judge Reeves were duplicated on the docket in the present case.

On April 12, 2019, Respondent filed, in the Eastern District, a motion to dismiss the Petition or, in the alternative, to transfer the pleading to the Sixth Circuit Court of Appeals as a second or successive petition.[4]  (D.E. 17.)  More than three months later, the inmate filed the Amended Petition.  (D.E. 21.)  The district court allowed Transou to proceed on the Amended Petition because the pleading "present[ed] Petitioner's claims in a more concise and clear manner[.]"  (D.E. 25 at PageID 268.)  The court construed the Amended Petition as asserting the following arguments:

> . . . Petitioner seeks habeas corpus relief based on his allegation that counsel for the State of Tennessee falsified the sentencing records for his HMVO conviction in a manner that resulted in Petitioner being illegally detained for two hundred and thirty-two days and submitting his DNA.  As relief, Petitioner requests that the DNA evidence against him and his resulting convictions for four charges be "dropped," his record expunged, and that the State of Tennessee not be allowed to further prosecute him for these charges.
>
> In other words, Petitioner alleges that due to the miscalculation of his pretrial jail credits, he was taken into custody for his HMVO conviction after his community corrections sentence was revoked, when he should, in fact, not have been subject to any further punishment for that conviction.  Once in custody, Petitioner submitted to a blood draw, which police then used to match his DNA to other unsolved cases.  Petitioner therefore asserts that the resulting convictions are invalid because they were obtained due to the miscalculation of this HMVO sentence[.]

(*Id.* at PageID 268-69 (internal record citations omitted).)  The court noted that the Amended Petition alleges that four convictions resulted from the alleged improper application of pretrial credits to the HMVO sentence.  (*Id.* at PageID 271 n.2.)  Those convictions are identified in the Amended Petition only by their state case numbers, to wit, Case Nos. 02-338, 02-339, 02-359, and 02-360.

---

[4]*See* 28 U.S.C. § 2244(b) (setting forth procedure for "second or successive habeas corpus application[s] under section 2254").

Regarding the HMVO conviction, the district court found that Petitioner was no longer "in custody" on that offense. The court therefore dismissed, for lack of subject matter jurisdiction, the Amended Petition's claim that pretrial credits were not properly applied to the HMVO sentence.

Insofar as the Amended Petition asserted that four convictions resulted from the alleged improper application of pretrial credits to the HMVO sentence, the district court determined that those claims "would fall under § 2254, rather than § 2241[.]" (*Id.* at PageID 271.) Furthermore, "it appear[ed]" to the court "that Petitioner seeks to attack the same convictions in this action that he previously attacked" in the 2006 Petition and, thus, the Amended Petition seemed, at least in part, to be a second or successive petition. (*Id.* at PageID 272.) However, the court concluded "that the Western District is in the best position to make this determination and to transfer the remaining habeas corpus claims to the Sixth Circuit as second or successive, if appropriate, as it denied Petitioner's previous § 2254 on the merits." (*Id.*)

DISCUSSION

As discussed above, the 2006 Petition challenged Case Nos. 02-359 and 02-360, which related, respectively, to crimes Transou perpetrated against C.T. in March 2002, and against S.K. in December 2001. Therefore, to the extent the Amended Petition seeks relief from those convictions, it is a second or successive petition under § 2244 and must be transferred to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

However, it is not clear from the pleadings and documents filed in the 2006 Case what transpired at the state court level with respect to Case Nos. 02-338 and 02-339, and whether any

4

convictions arising from those cases have been challenged in a § 2254 petition. A state court document filed in the 2006 Case indicates that Case No. 02-338 was related to charges that Transou raped victim B.M. in April 2002, and that Case No. 02-339 pertained to an alleged January 1999 rape of S.K. (*Transou*, No. 06-cv-1245-JDT-STA, D.E. 24-15 at PageID 220.) Beyond that information, it is not immediately apparent from the record how those cases were resolved and whether Petitioner challenged any convictions arising from those matters in state or federal court.

Therefore, in order for this Court to determine whether the claims related to Case Nos. 02-338 and 02-339 should be transferred to the Sixth Circuit or instead are subject to other affirmative defenses, Respondent is ORDERED to file, within twenty-eight days of entry of this order, a response to the Amended Petition, limited to that pleading's attack on Case Nos. 02-338 and 02-339. The response shall detail the state court proceedings related to those matters, including Petitioner's prior state court challenges, if any, to convictions arising out of those cases, and shall assert all relevant affirmative defenses. Respondent shall also file all state court documents related to those actions. The Court takes under advisement Respondent's request (D.E. 17) that the entire Amended Petition be transferred to the Sixth Circuit.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's limited response within twenty-eight days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 18th day of March 2020.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE